## SANFORD, ADM'R V. WICKS.

1. To a plea of *non claim*, it is proper to reply, that the debts sued for were contracted in the states of Mississippi and Louisiana, as debts contracted out of the state are expressly prohibited from the operation of the statute.
2. To a plea of *plene administravit*, it is proper to reply that on a certain day before the commencement of the suit, and on divers days between that and the day of pleading the plea, defendant had assets in his hands sufficient to pay the debt, which he could and ought so to have applied.
3. When the verdict and judgment against an administrator are in the usual form, and issues appear on the pleas of non-assumpsit and the statute of limitations, it is not error that the verdict does not show the amount of assets, although the plea of *plene administravit* is also pleaded, but no issue of fact on it framed to the jury, and the plea being disposed of on demurrer to the replication.

Writ of error to the Circuit Court of Mobile county.

ASSUMPSIT on a promissory note, with the common counts. The defendant pleaded *non assumpsit*, and the statute of limitations to the money counts; and the statute of *non claim* and *plene administravit* to all the counts. The plaintiff replied to the plea of the statute of limitations, that the cause of action accrued within six years next before the commencement of the suit; to the plea of the statute of *non claim*, that the debt sued for, was contracted in the States of Mississippi and Louisiana; and to the plea of *plene administravit*, that he exhibited his demand to the defendant as administrator, on the 28th day of April, 1836, at which time he had notice of the cause of action and demand, before the time of pleading his said plea; that on that day, and on divers other days between that and the day of pleading the said plea, divers goods and chattels, which were of the said intestate at the time of his death, of great value, to wit, of the value of the damages in the declaration mentioned, came to and were in the hands of the defendant as administrator, to be administered, wherewith he could and might, and ought to have satisfied the damages aforesaid; and that this he, the said plaintiff, was ready to verify, &c.

The defendant demurred to the replcations to the pleas of *non claim* and *plene administravit*, which demurrers were

overruled. The plaintiff then discontinued his action as to the money counts, and thereupon came a jury, who being sworn to try the issue joined, returned a verdict for the plaintiff for $411 29, for which judgement was rendered, to be levied *de bonis testatoris,* in the hands of the administrator, to be administered.

The defendant prosecutes this writ of error, and assigns, that the Court erred in overruling the demurrers to the plaintiff's replications to the pleas of *non claim* and *plene administravit*; and also, in rendering judgement on the verdict, inasmuch as it does not ascertain what amount of assets were in the hands of the defendant to be administered.

CAMPBELL, for the plaintiff in error, cited 1 Chitty's Plead. 574; 2 Wms. on Ex. 1209; Booth v. Armstrong, 2 Wash. 301; Rogers v. Chandler, 3 Mum. 66; Eppes v. Smith, 4 Mum. 466; Siglar v. Haywood, 8 Wheat. 675; Fairfax v. Fairfax, 5 Cranch, 19; Ewing v. Peters, 3 D. & E. 686.

No counsel appeared for the defendant.

GOLDTHWAITE, J.—1. The statute of *non claim*, contains an express exception in favor of debts contracted out of the State. Aikin's Digest, 153, § 6. The replication sets out, that the debts sued for, were contracted in the States of Louisiana and Mississippi, and therefore, is a complete answer to the plea of *non claim*, within eighteen months.

2. The replication to the plea of *plene administravit* was, that the demand was exhibited to the defendant, at a day previous to the commencement of the suit, and that between that day and the day of pleading the plea, sufficient assets came to the defendant's hands, to be administered, wherewith he might and ought to have paid the plaintiff his damages. We can perceive no fault in this replication, as it is accordant with the most approved forms. The demurrers to the replications were therefore properly overruled.

3. The other question raised by the assignment of errors, must also be determined against the plaintiff in error, because there is no fault in the verdict or judgment. Whatever may be the proper verdict, when issue is taken on the replication to a plea of *plene administravit*, it is certain, from an inspection of

the pleadings in this case, that no such issue was ever made.— The defendant demurred to the replication, and when his demurrer was overruled, if he pleaded further, and to issue, the record does not disclose it. The verdict is well enough, under the issues which are shown, and we are not called on to presume another issue, to make the judgment erroneous.

The judgment is affirmed.